[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 6, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16268

_____

D. C. Docket No. 04-00303-CV-CO-W

STANLEY COLLINS,

Plaintiff-Appellant,

versus

BOARD OF TRUSTEES OF THE UNIVERSITY OF ALABAMA,
OLEN PRUITT,
BROOKS BAKER,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(December 6, 2006)**

Before ANDERSON and BARKETT, Circuit Judges, and STROM,* District
Judge.

---

*Honorable Lyle E. Strom, United States District Judge for the District of Nebraska,
sitting by designation.

PER CURIAM:

Stanley Collins appeals from the district court's order granting summary judgment in favor of Defendants Board of Trustees of the University of Alabama, Olen Pruitt, and Brooks Baker, on his claims of employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983.[1] Collins alleges that he was unlawfully denied five promotions on the basis of race.[2] He also alleges that Defendants retaliated against him for complaining about discrimination by, among other things, increasing his workload and issuing a written reprimand for not reporting a missing tool-box in a timely fashion. The district court concluded that Collins could not prevail on his failure to promote claims because he was not qualified for four of the five positions, and there was insufficient evidence to show that Defendants' proffered non-discriminatory reason for not promoting Collins to the fifth position was pre-textual. The district court concluded that Collins failed to establish a claim for retaliation because he did not show that his supervisors were aware of his protected conduct before they took

---

[1] Although the district court declined to exercise jurisdiction over Collins' state law claims for negligent supervision and negligent retention, its order granted Defendants' motion for summary judgment (which included the state law claims) "in all respects," and a subsequent order dismissed the entire case with prejudice. Collins did not appeal the dismissal of the state law claims, however, and we therefore do not consider them here.

[2] Those positions were Electrician Group Leader, Design Build Services Construction Supervisor, Hospital Maintenance Supervisor Trainee, Campus Maintenance Supervisor Trainee, and Central Utilities Plant Supervisor.

2

adverse employment actions against him.

At oral argument, Collins abandoned all claims of employment discrimination, with the exception of the failure to promote him to the position of Supervisor Trainee. After considering the record with regard to this claim, we find no error in the district court's determination that Collins was not qualified for the position because he did not possess the requisite Associate's degree.[3]

With reference to Collins' retaliation claims, we likewise find no reversible error. As to Collins' claim that his workload was increased in retaliation for protected conduct, there is no evidence in the record that the supervisor responsible for Collins' workload was aware of his protected activity before increasing the workload. As to the reprimands for the tool-box incident, we conclude that any effect of the reprimand was minimal in light of its rescission, and otherwise did not rise to the level of an adverse employment action under <u>Burlington Northern and Santa Fe Ry. Co. v. White</u>, 126 S.Ct. 2405, 2415 (2006).[4]

AFFIRMED.

---

[3] Collins concedes that the Associate's degree is a requirement for the Supervisor Trainee positions, but argues that the University added this requirement to prevent Collins from obtaining the promotion. However, there is no evidence in the record to support this position.

[4] We reject the other claimed incidents of retaliation without further discussion because they likewise do not rise to the level of the requisite adverse employment actions.